IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ROY RENFRO, *et al.*,                     )
                                          )
                                          )
                     Plaintiffs,          )
                                          )
v.                                        )     Case No. 07-2050-CM
                                          )
SPARTAN COMPUTER SERVICES, INC.,          )
*et al.*                                  )
                                          )
                     Defendants.          )

**<u>PROPOSED PROTECTIVE ORDER</u>**

Upon review of the parties' Joint Motion for Protective Order, the Court hereby orders as follows:

Plaintiffs allege (i) Defendants have retaliated against Plaintiffs for asserting their rights under the Fair Labor Standards Act to receive overtime compensation for work performed in excess of 40 hours per week or for filing a worker's compensation claim,[1] (ii) the Plaintiffs were damaged by Defendants' alleged retaliation, and (iii) the Plaintiffs are entitled to monetary damages as a result of Defendants' purported retaliation. Accordingly, the Plaintiffs are expected to request documents and information regarding Defendant Spartan Computer Services, Inc.'s ("Defendant Spartan") business operations and the Defendants' financial condition that Defendants consider to be private, confidential, proprietary or to contain trade secrets. Moreover, the Plaintiffs are expected to request from Defendant Spartan personnel files, records, and other information regarding Defendant Spartan's employees who are not, and are not expected to be, parties to this action. Defendant Spartan considers its employment records to be

proprietary information, trade secrets, and confidential.   Defendants are expected to seek documents and information regarding the Plaintiffs' personal financial and medical information. The terms and conditions of this Protective Order shall be applicable to, and govern, documents and information specifically identified below.

Federal Rule of Civil Procedure 26(c) provides for the issuance of a protective order limiting the disclosure and use of information and documents for good cause. Good cause exists for the issuance of this Protective Order because the parties believe that protecting the documents and information subject to this Protective Order will limit the disclosure of proprietary, confidential, personal, and private information and may assist in the production and disclosure of documents and information in this case.

For good cause shown, the Court hereby enters the following Protective Order, the terms and conditions of which shall govern documents and information deemed confidential by the parties and specifically identified below.

 1.    **Designations of "CONFIDENTIAL" materials.**    The parties shall have the right to designate as "CONFIDENTIAL," and this Protective Order shall only apply to, any documents or information that are:

    a.    Personnel records and other information regarding Defendant Spartan's employees who are not, and are not expected to be parties to this action;

    b.    Non-public confidential information and documents regarding Defendant Spartan's business operations and the Defendants' financial condition;

    c.    Plaintiffs' personal information, including personal financial information.

**2.    Designation of Deposition Testimony as Confidential.**    With respect to deposition testimony, the designation of confidentiality may be made on the record at the time of the deposition, at which time the testimony shall be subject to the full protection of this Order.  In

---

[1] Only Plaintiff Renfro alleges workers compensation retaliation.

the case of testimony not so designated during the course of a deposition, counsel may, within 30 days of receipt of the deposition transcript, notify the parties that the deposition testimony contains confidential material, in which case the designated testimony shall be subject to the full protections of this Order.

3.      **Restriction on Disclosure of Designated Materials.**   No information or things designated "CONFIDENTIAL" shall be disclosed by any party, except as set forth in this Protective Order. No party shall use any material designated "CONFIDENTIAL" for any purpose other than in connection with preparation and trial of this action, including, but not limited to, the action captioned *Roy Renfro, et al. v. Spartan Computer Services, Inc.*, *et al.*, Case No. 06-2284-KHV, in the United States District Court for the District of Kansas. No copies of designated materials shall be made, except by or on behalf of counsel of record for the parties to this Protective Order, or their experts and/or consultants.

4.      **Marking of Designated Materials.**  Documents subject to this Protective Order shall be marked by placing the legend "CONFIDENTIAL," on each page of the document. All documents to be so designated shall be marked prior to the provision of a physical copy thereof to the receiving party. If such documents have already been produced or disclosed to another party, the party producing the documents shall notify the receiving party, in writing, within 30 days of production or disclosure, that such documents shall be marked and deemed "CONFIDENTIAL" under the terms of this Protective Order.

        To the extent consistent with the remainder of this Protective Order, this paragraph shall govern information that has (i) been produced or disclosed and inadvertently, and (ii)  not designated "CONFIDENTIAL." The initial failure to designate information in accordance with this Protective Order shall not preclude the producing or disclosing party, at a later date, from designating any information "CONFIDENTIAL." The producing or disclosing party may, within

30 days of production or disclosure, by written notice to counsel of record for the receiving party, designate previously produced or disclosed information as "CONFIDENTIAL" which it had inadvertently failed to designate as "CONFIDENTIAL."  Upon receipt of such notice, the receiving party shall promptly mark its copies of the material accordingly, shall thereafter treat the information as if it has been designated "CONFIDENTIAL," shall restrict the disclosure or use of such information only to those persons qualified pursuant to this Protective Order, and if such information has previously been disclosed to non-parties, take reasonable steps to obtain all such previously disclosed information and advise such non-parties to treat the designated materials confidentially as though originally so designated.

5.    **Access to "CONFIDENTIAL" Materials.**    Information designated as "CONFIDENTIAL" shall not be provided, shown, made available, or communicated in any way to any person or entity with the exception of:

     a.    Any party to this action, including Defendant Spartan's officers, agents, representatives, and employees whose job responsibilities require knowledge related to the subject matter of this action;

     b.    Counsel working on this action on behalf of any party to this action, and all assistants and stenographic and clerical employees working under the direct supervision of counsel, copying service providers and other independent contractors retained for the purpose of this litigation;

     c.    Any person not employed by a party who is expressly retained by a party, or any attorney described in paragraph 4(b), to assist in litigation of this action, with disclosure of "CONFIDENTIAL" materials only to the extent necessary to perform such work;

     d.    Court reporters;

     e.    Deponents; and

     f.    Potential, anticipated or actual fact witnesses and their counsel upon seven days' notice to the producing or disclosing party before showing "CONFIDENTIAL" materials to potential, anticipated, or actual fact witnesses and their counsel.

6.     **Undertaking of Persons Receiving Designated Materials.**   In no event shall any material designated "CONFIDENTIAL" be disclosed to any person described in paragraphs 4(c), 4(f), and 4(g) until that person has executed a written declaration in the form attached hereto as Exhibit A acknowledging he or she has read a copy of this Protective Order and agrees to be bound thereby. In the event of depositions of third party witnesses, at which "CONFIDENTIAL" information is to be shown or revealed to the deponent, the party seeking to use such information shall request that said deponent execute a written declaration in the form attached hereto as Exhibit A.  Unless such a declaration is obtained, "CONFIDENTIAL" information shall not be disclosed to the deponent.  Counsel of record shall be responsible for maintaining a file of all such declarations.  The signed declarations shall be available for inspection by this Court and any other party.

7.     **Challenging Designations of Confidentiality**.  Any party may request in writing, to the party producing or disclosing documents, information, or material designated as "CONFIDENTIAL," that the designation be modified or withdrawn.  If any party disputes the confidentiality of a document or information marked as "CONFIDENTIAL" (hereinafter, "the disputing party"), the disputing party shall state that objection and include a basis for the objection, by letter to the designating party.  The parties agree to confer by telephone or in person to resolve any dispute respecting the terms and conditions of this Protective Order.  If the parties are unable to resolve the dispute, the producing or disclosing party must file a motion seeking a protective order within twenty-one (21) days of the failure to resolve such dispute. Upon any such motion, the burden shall be on the producing or disclosing party to show why its designation is proper.  Until the Court rules on such a dispute, the documents or information in question shall continue to be treated as "CONFIDENTIAL" information as designated.

8.   <u>**Filing Documents Under Seal.**</u> In the event a party wishes to use any information identified as Confidential[1], that party shall file a motion seeking leave to file such information and used therein under seal.  In the event the court grants the party's motion, such information shall be maintained under seal by the court and shall be treated as Confidential.[2]

D. Kan. Rule 5.4.6 governing sealed documents currently requires conventional filing for all documents ordered to be placed under seal in civil cases until the Electronic Filing System "has adequate confidentiality procedures for sealed documents."  Pursuant to Standard Order 07-03[3], as of July 19, 2007, the District of Kansas has adopted such adequate procedures for the electronic filing of sealed documents.

Standard Order 07-0322  provides in part:

> [I]n civil cases, a party filing a motion for leave to file documents under seal shall file that motion electronically under seal in the filing system.  The motion for leave to file under seal shall attach as sealed exhibits the document(s) the party wishes to be filed under seal. . . .  Finally, the party shall provide the motion and document(s) it wishes to be filed under seal to all other parties in the case.  If the motion for leave to file under seal is granted, the assigned judge will enter electronically an order authorizing the filing of the document(s) under seal.  The assigned judge will also direct the clerk's office to grant to all attorneys who have entered an appearance in that case . . . the ability to view sealed documents in that case . . . .  The filing party shall then file its document(s) electronically under seal.

9.   <u>**Limitations On the Scope of Order.**</u>  Nothing contained in this Protective Order shall affect the right of the designating party to disclose, or use for any purpose, the documents or

---

[1] any transcripts of any nature or portions thereof, exhibits, answers to interrogatories, responses to requests for admissions, and other documents filed or used in hearings in this action.

[2] *See, e.g., Holland v. GMAC Mort. Corp.*, 2004 WL 1534179, at *2 (D. Kan. June 30, 2004)(setting forth standard for obtaining leave to file documents under seal); *Worford v. City of Topeka*, 2004 WL 316073 (D. Kan. Feb. 17, 2004)(same).

information produced or disclosed by it as "CONFIDENTIAL."

10.     **Breach of This Order.**   Parties may seek appropriate remedies for breach of the provisions of this Protective Order.

11.     **Maintenance of Materials as Confidential.**   At the conclusion of this litigation, all documents and materials produced or disclosed to Plaintiffs, Defendants, or others pursuant to the terms of this Order, and all copies, summaries, and abstracts of such materials, however maintained, shall be kept completely confidential.   Counsel for either party may use these confidential documents and materials only for the purpose of defending ethical charges or professional malpractice charges, and may not use confidential documents or materials in any subsequent lawsuit.

        IT IS SO ORDERED.

        Dated this 9th day of November, 2007, at Kansas City, Kansas.


                                        s/ K. Gary Sebelius
                                        K. Gary Sebelius
                                        U.S. Magistrate Judge

---

[3] This order is located on the District's website.

EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| ROY RENFRO, *et al.* | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 07-2050-CM |
| | ) | |
| SPARTAN COMPUTER SERVICES, INC., | ) | |
| *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

**DECLARATION REGARDING PROTECTIVE ORDER AGAINST UNAUTHORIZED
USE OR DISCLOSURE OF CONFIDENTIAL INFORMATION**

I _____ declare as follows:

My address is _____;

My present employer is _____;

My present occupation or job description is _____.

I hereby acknowledge that I have received, or may receive, information designated as "CONFIDENTIAL" under a Protective Order issued by the Court in the above lawsuit, and I acknowledge agree to be bound by the terms and restrictions of such Protective Order.

I further state that I have (i) been given a copy of, and have read, the Protective Order; (ii) I am familiar with the terms of the Protective Order; (iii) I agree to comply with, and to be bound by, each of the terms thereof; and (iv) I agree to hold in confidence any information disclosed to me pursuant to the terms of the Protective Order.

I understand I am to (i) retain all of the materials I receive which have been designated as "CONFIDENTIAL" in a safe place in a manner consistent with the Protective Order; (ii) make no copies or other reproductions of any such materials except in connection with my assistance

to counsel in this case; (iii) all such materials are to remain in my custody until I have completed my assigned duties, whereupon they are to be returned to the party who provided them to me; and (iv) any materials, memoranda, work notes, or other documents derived from documents designated as "CONFIDENTIAL," or any information contained therein, are to be delivered to the party who provided the designated materials to me.  Such delivery shall not relieve me from any of the continuing obligations imposed upon me by the Protective Order.  I further agree to notify any stenographic or clerical personnel who are required to assist me of the terms of the Protective Order.

I declare under penalty of perjury that the foregoing is true and correct.


Name: _____

Date: _____