## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

ROY RENFRO, JOHN THORNTON,          )
JEFFREY TOTH, and PAUL CASTANEDA,)
                                         )
           **Plaintiffs,**          )
                                         )
**v.**                                  )   **Case No. 07-2050-CM**
                                       )
SPARTAN COMPUTER SERVICES, INC.,  )
JACK STEENHAUSEN, and          )
TERRY CONNORTON,          )
                                       )
           **Defendants.**      )

## ORDER

This matter comes before the court upon Plaintiff John Thornton's Motion for Expenses Under Rule 30(g) and for Protective Order (Doc. 55). Specifically, plaintiff Thornton requests an order from the court awarding travel expenses he incurred while attempting to appear for his deposition scheduled for February 13, 2008. He also requests a protective order prohibiting the deposition to take place or, alternatively, an order requiring it take place near his home in Virginia or by telephone. Defendant Spartan Computer Services, Inc. (Spartan) filed a timely response (Doc. 58), to which plaintiff Thornton replied (Doc. 67). Therefore the issues are joined and ready for disposition.

## I.    Relevant Background

On October 29, 2007, Spartan served on each individual plaintiff a First Set of Interrogatories, to which responsive documents were due on December 2, 2007.[1] Plaintiffs produced some documents timely, but because of discovery disputes, Spartan filed a Motion to

---

[1] Docs. 20-23.

Compel on December 31, 2007.[2] On January 9, 2008 plaintiffs produced additional documents and plaintiffs' counsel indicated by letter that more documents that had just been received would be produced shortly.[3]  No production was actually made until February 13, 2008, as detailed below.  On January 25, 2008 defendants noticed the deposition of plaintiff Thornton for February 13, 2008 at 9:00 a.m. in the office of Ogletree, Deakins, Nash, Smoak & Stewart, P.C., 4717 Grand Avenue, Kansas City, Missouri.[4]

At approximately 4:20 p.m. on February 11, 2008, plaintiffs' counsel left a voice mail for defense counsel, indicating plaintiffs intended to produce by the "close of business" on  February 13, 2008, the date of plaintiff Thornton's deposition, a stack of documents "eighteen inches, to almost two feet high" that included emails and other documents that were produced by plaintiffs Renfro and Castaneda.[5]

The next day, February 12, 2008, at 8:07 a.m., counsel for Spartan informed counsel for plaintiffs that plaintiff Thornton's deposition would need to be postponed because of plaintiff's belated document production.[6]  Spartan stated the high volume of documents yet to be produced could have a bearing on Mr. Thornton's deposition and wished to postpone the deposition until Spartan could review those documents.[7]  Later in the morning on February 12, 2008, counsel for

---

[2] Doc. 32.

[3] Defendants' Memorandum in Opposition to Plaintiff John Thornton's Motion for Expenses Under Rule 30(g) and for Protective Order (Doc. 58), at Ex. B.

[4] Doc. 40.

[5] Defendants' Memorandum in Opposition to Plaintiff John Thornton's Motion for Expenses Under Rule 30(g) and for Protective Order (Doc. 58), at p. 2-3; and at Ex C (Doc. 58-4).

[6] Plaintiff John Thornton's Memorandum in Support of His Motion for Expenses Under Rule 30(g) and for Protective Order (Doc. 56), at Ex 3, p. 3.

[7] Defendants' Memorandum in Opposition to Plaintiff John Thornton's Motion for Expenses Under Rule 30(g) and for Protective Order (Doc. 58), at p. 3.

both parties conferred.  They discussed the possibility of taking Mr. Thornton's deposition as scheduled on February 13, 2008, with the possibility of reconvening the deposition, if needed, after the documents were produced.[8] Plaintiffs' counsel indicated he would oppose reconvening the deposition.[9]

Also on February 12, 2008, Mr. Thornton, who currently lives in Farmville, Virginia, left his home early in the morning to travel to his deposition in Kansas City.[10]  He had planned to take a connecting flight from Richmond, Virginia to Washington, D.C., then travel on to Kansas City.  While waiting for his connection in Washington D.C., Mr. Thornton learned from his attorney that the deposition for the following day was postponed.[11]  Mr. Thornton then made alternate travel arrangements and returned home.[12]  Mr. Thornton incurred air fare, mileage, parking and meal expenses during his travel.[13]

On February 13, 2008, plaintiffs produced 4,186 pages of documents comprising more than 700 separate documents.[14] These documents were submitted by plaintiffs Renfro and Castaneda.[15]

---

[8] Plaintiff John Thornton's Reply Memorandum in Support of His Motion for Expenses Under Rule 30(g) and for Protective Order (Doc. 67), at p. 2.

[9] *Id.*

[10] Plaintiff John Thornton's Memorandum in Support of His Motion for Expenses Under Rule 30(g) and for Protective Order (Doc. 56), at p. 2.

[11] *Id.*

[12] *Id.*

[13] *Id.*

[14] Defendants' Memorandum in Opposition to Plaintiff John Thornton's Motion for Expenses Under Rule 30(g) and for Protective Order (Doc. 58), at 1.

[15] *Id.*

**II.      Plaintiff Thornton's Award of Expenses Pursuant to Rule 30(g)**

Fed. R. Civ. P. 30(g)(1) states:

"If the party giving the notice of the taking of a deposition fails to attend and proceed therewith and another party attends in person or by attorney pursuant to the notice, the court *may* order the partying giving notice to pay to such other party the reasonable expenses incurred by that party and that party's attorney in attending, including reasonable attorney's fees." (emphasis added)

An award of expenses pursuant to Rule 30(g) is within the discretion of the trial court. While counsel for defendants cancelled the deposition of Mr. Thornton one day prior to the originally scheduled date, the reason for cancellation was justified under the circumstances.

Counsel for plaintiffs alerted Spartan at 4:20 p.m. on February 11, 2008, less than 48 hours before Mr. Thornton's deposition on February 13, 2008, that plaintiffs intended to produce by the end of the business day on February 13, 2008, a large amount of additional documents from plaintiffs Renfro and Castaneda.  While these documents were not directly from plaintiff Thornton, they may have related to his claims or Spartan's defenses and would certainly have relevance to the overall case.  Moreover, Spartan was unable to determine the documents' relevance because they were not scheduled to be produced until after Plaintiff Thornton was deposed.  The next morning, February 12, 2008, counsel for both parties discussed continuing with the deposition as scheduled and the possibility of reconvening if necessary after the documents had been received.  Plaintiffs' counsel indicated it would oppose reconvening the deposition.  Thereafter, Spartan's counsel advised of the necessity to postpone the deposition.  Furthermore, plaintiffs' counsel did not inform Mr. Thornton of the possibility the deposition may be postponed before he boarded his flight in Richmond, Virginia.  Some amount of the travel expense may have thus been averted had word reached Mr. Thornton earlier.

After review of all the facts, the court does not believe it would be equitable or fair to impose travel costs on Spartan or its attorney, since the postponement of the deposition was due, at least in part, to the conduct of the co-plaintiffs and plaintiffs' counsel.  Spartan gave timely notice of the postponement, as they notified plaintiffs' counsel as early as possible of the need to review the belatedly produced documents before proceeding with plaintiff Thornton's deposition.

### III.    Protective Order Pursuant to Rule 26(c)

Fed. R. Civ. P. 26 (c) provides that the Court may issue a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including "forbidding the disclosure or discovery" or "specifying terms, including time and place, for the disclosure or discovery."

Plaintiffs' counsel requests Spartan be barred from proceeding with plaintiff Thornton's deposition because plaintiff Thornton attempted to appear on February 13, 2008.  Alternatively, plaintiff Thornton requests an order requiring his deposition be conducted near his home in Virginia or by telephone.

As discussed above, plaintiff Thornton's deposition was appropriately postponed given the belated document production of his co-plaintiffs.  Nothing in the facts of the postponement lead the court to believe plaintiff Thornton needs protection for annoyance, embarrassment, oppression, or undue burden or expense.

"As a general rule, a plaintiff will be required to make himself or herself available for examination in the district in which suit was brought.  Since plaintiff has selected the forum, he or she will not be heard to complain about having to appear there for a deposition."[16]   No

---

[16] *Williams v. Sprint/United Management Co.*, No. 03-2200-JWL, 2006 WL 1867471, at *3 (D. Kan. June 30, 2006).

particular hardship has been demonstrated by plaintiff Thornton that would allow the court to deviate from this general rule.  Plaintiff Thornton does not contend it is financially prohibitive to travel to Kansas City for his deposition.  Therefore, the court finds that plaintiff Thornton should appear at his deposition in Kansas City and be responsible for his own travel expenses.

## IV.    Spartan's Costs and Expenses

Spartan has asked for its costs and expenses associated with responding to plaintiff Thornton's instant motion.  Rule 26(c) provides that the provisions of Rule 37(a)(4) apply to the award of expenses incurred in relation to a motion for a protective order.  Rule 37(a)(4) provides if a motion is denied the court shall, after affording an opportunity to be heard, "require the moving party or the attorney filing the motion to pay to the party who opposed the motion the reasonable expenses incurred in opposing the motion, including attorneys' fees and expenses, unless the court finds that the making of the motion was substantially justified or that other circumstances make an award of expenses unjust."

The court finds that sanctions are not appropriate regarding the instant motion.  Plaintiff Thornton's assertions, while incorrect, are arguably supported by the law.  The court fails to find that the motion was brought in bad faith.  Therefore, the court declines to award sanctions at this time, but cautions all parties that they should use their best efforts to resolve discovery disputes and work in furtherance of the litigation.

Accordingly,

**IT IS THEREFORE ORDERED** that Plaintiff John Thornton's Motion for Expenses Under Rule 30(g) and for Protective Order (Doc. 55) is hereby DENIED.

**IT IS SO ORDERED.**

Dated this <u>6th </u>day of March, 2008, at Topeka, Kansas.


<u>s/ K. Gary Sebelius</u>
K. Gary Sebelius
U.S. Magistrate Judge